IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LAWRENCE ADAMCZYK, # M-24512,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-064-SMY |
| ) | |
| **STATES ATTORNEY,** ) | |
| **All Counties with SDPA Guardianship,** ) | |
| ) | |
| **Respondents.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Lawrence Adamczyk is a civilly committed detainee pursuant to the Illinois Sexually Dangerous Persons Act ("SDPA"), 725 ILCS 205/1.01 *et seq.* He is currently housed at Big Muddy River Correctional Center ("BMRCC"). In January 2020, Adamczyk initiated this action by filing a "Motion [for] Emergency Mandamus" seeking an order requiring all county state's attorneys to bring suit against the Illinois Department of Corrections ("IDOC") over allegedly inadequate conditions of confinement for SDPA detainees at BMRCC. (Doc. 1).[1]

This case is now before the Court for preliminary review of Admaczyk's pleading pursuant to 28 U.S.C. § 1915A.[2] Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] Adamczyk has also filed a number of motions during the pendency of this action (Docs. 9, 10, 11, 12, 13, and 14) which will be addressed below.

[2] Persons civilly committed under the SDPA are subject to the Prison Litigation Reform Act ("PLRA") (28 U.S.C. § 1915 *et seq*). *Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004).

1

**The Mandamus Motion**

Adamczyk purports to bring this action on behalf of multiple detainees under the SDPA who are "wards of the state" under the guardianship of the IDOC. (Doc. 1, p. 1). He asserts the county state's attorneys who brought the proceedings to civilly commit these detainees have a "ministerial duty" to file lawsuits over the IDOC's "breach of fiduciary duty" to provide proper care, safety, and treatment to the detainees who are held pursuant to the SDPA. (Doc. 1, pp. 1-2). He argues that because state's attorneys are empowered by statute to petition state courts for commitment of a person under the SDPA, "it stands to reason they should be filing lawsuits for their wards" as well. (Doc. 1, p. 2); *see* 725 ILCS 205/3. He alleges that SDPA detainees are housed in punitive conditions in that they are not issued adequate clothing or hygiene items and are housed in cells that are too small, inadequately ventilated, and subject detainees to extreme temperatures; as such, the SDPA detainees are treated exactly like convicted felons, in violation of their constitutional rights. (Doc. 1, pp. 4-5).

Two different federal statutes govern writs of mandamus in the federal courts: 28 U.S.C. § 1361 and 28 U.S.C. § 1651. Section 1361, titled "Action to compel an officer of the United States to perform his duty," provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). Because Adamczyk is not seeking to compel an officer or employee of the United States or one of its agencies to act, § 1361 affords him no relief.

Pursuant to § 1651(a), "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Section 1651 is only a mechanism by which the Court

asserts its jurisdiction; it is not a source of jurisdiction. *United States v. Illinois Bell Telephone Co.*, 531 F.2d 809, 814 (7th Cir. 1976). And, as the Seventh Circuit Court of Appeals has noted, federal courts have no jurisdiction to grant mandamus relief against state officials for violating their duties under state law. *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 469 (7th Cir. 1988). *See also Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106, 120-21 (1984) (Eleventh Amendment prevents a federal court from using its pendent (supplemental) jurisdiction as a basis for enjoining state officials from violating state law); *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 (N.D. Ill. 1990) (28 U.S.C. § 1361 restricts federal mandamus jurisdiction to actions against federal officials). This Court has no jurisdiction to issue a mandamus order against these state's attorneys. Accordingly, this case will be dismissed for lack of jurisdiction.[3]

**Pending Motions**

Adamczyk's Motion to Clarify (Doc. 9) describes other pending actions in this Court and several state court cases and does not seek any relief. It is therefore **DENIED.**

In the Motion to Alter or Amend (Doc. 10), Adamczyk requests the Court to adjust his filing fee to the $5.00 charge for a habeas corpus case. He acknowledges that he filed the case as a mandamus action, but asserts it is really a writ of habeas corpus. He further argues that the IDOC should be responsible for paying the filing fees, noting his indigence and 725 ILCS 205/5, which requires the county to pay the cost of attorney representation for the respondent in an SDPA proceeding.

Adamczyk's original motion for mandamus (Doc. 1) and this motion clearly state that he seeks mandamus relief. The fee for a mandamus and any other civil action is $350.00 where the

---

[3] While Adamczyk invokes the First, Seventh, Ninth, Tenth, and Fourteenth Amendments to the Constitution, none of these Amendments provide authority for a federal court to issue a writ of mandamus.

3

filer is granted leave to proceed *in forma pauperis* ("IFP"), as Adamczyk was here. (Doc. 7). Nowhere in his filings does Adamczyk seek release from custody, which is the purpose of a habeas corpus action. Further, 725 ILCS 205/5 does not compel the IDOC to pay Adamczyk's court filing fees. Therefore, the Motion to Alter or Amend (Doc. 10) is **DENIED**. Adamczyk's obligation to pay the filing fee was incurred at the time the action was filed. Thus, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998).

The Motion to Alter or Amend (Doc. 11) withdraws Adamczyk's consent to have a United States Magistrate Judge preside over his case and requests the case to be heard by a three-judge panel. This motion is **DENIED AS MOOT**.

The Motion for Status (Doc. 12) is **GRANTED** insofar as the status of this case is reflected herein.

The Motion to Alter Filing Fees (Doc. 13) again requests the Court to recharacterize this case as a habeas corpus petition and lower the filing fee to $5.00. This motion is **DENIED** for the reasons previously discussed.

Finally, the Motion for Default Judgment/Status (Doc. 14) is **DENIED**. The Court has not ordered Respondents to file a response, thus there has been no default.

## Disposition

Petitioner Larry Adamczyk's Motion for Emergency Mandamus (Doc. 1) is **DISMISSED without prejudice** for lack of federal jurisdiction. The Clerk is **DIRECTED** to close this case and enter judgment accordingly. This dismissal shall not count as an allotted "strike" under the provision of 28 U.S.C. § 1915(g). *See Haury v. Lemmon*, 656 F.3d 521 (7th Cir. 2011) (dismissal for lack of jurisdiction does not warrant a "strike" under § 1915(g)).

If Petitioner wishes to appeal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* must identify the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: September 30, 2020**

*s/ Staci M. Yandle*
STACI M. YANDLE
United States District Judge