IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWRENCE ADAMCZYK, # M-24512, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-cv-064-DWD |
| | ) |
| STATES ATTORNEY, | ) |
| All Counties with SDPA Guardianship, | ) |
| | ) |
| Respondents. | ) |

# **MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Petitioner Lawrence Adamczyk is a civilly committed detainee pursuant to the Illinois Sexually Dangerous Persons Act ("SDPA"), 725 ILCS 205/1.01 *et seq.* He is currently housed at Big Muddy River Correctional Center ("BMRCC"). This case is before the Court on his Motion for Reconsideration (Doc. 18) of dismissal of his case.

In January 2020, Adamczyk initiated this action by filing a "Motion [for] Emergency Mandamus" seeking an order requiring all county state's attorneys to bring suit against the Illinois Department of Corrections ("IDOC") over allegedly inadequate conditions of confinement for SDPA detainees at BMRCC. (Doc. 1). On initial screening under 28 U.S.C. § 1915A,[1] the Petition was dismissed without prejudice for lack of jurisdiction. (Doc. 15).

---

[1] Persons civilly committed under the SDPA are subject to the Prison Litigation Reform Act ("PLRA") (28 U.S.C. § 1915 *et seq*). *Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004).

Adamczyk then filed this Motion for Reconsideration (Doc. 18), a Supplement (Doc. 19), and another Motion to Amend and Reconsider (Doc. 20).

Adamczyk's initial Motion was filed within 28 days of the entry of judgment and will therefore be considered under Fed. R. Civ. P. 59(e). *Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014). Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

In his Motions, Adamczyk makes a tortured, tortuous argument that the Court does have jurisdiction to force state prosecutors to bring suit on behalf of their wards (SDPA detainees). To the best the Court can determine, he states that because the SDPA is an unconstitutional bill of attainder and he alleges constitutional violations, the State's Attorneys have a non-discretionary fiduciary duty to bring suit on the detainees' behalf. He also cites Article III of the Constitution, seemingly for the proposition that because his underlying claims arise under the Constitution, the Court has jurisdiction to order state and local officials to take action to vindicate those rights. This ignores the distinction between a direct suit for damages for violation of a constitutional right versus mandamus.

"Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008). The power of a federal court to issue a writ of mandamus comes from

2

two statutes: 28 U.S.C. § 1361 and 28 U.S.C. § 1651.  As explained in the prior Order, Section 1361 pertains only to federal officials, not state or local agencies like those in question here.  Section 1651 (sometimes known as the All Writs Act) allows a district court "to issue such commands ... as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued *in its exercise of jurisdiction otherwise obtained*."  *Thorogood v. Sears, Roebuck & Co.*, 678 F.3d 546, 548 (7th Cir. 2012) (quoting *United States v. New York Telephone Co.*, 434 U.S. 159, 172 (1977)).  This can include state and local officials, but there must be some independent basis for federal jurisdiction first.  *See Lambert v. Buss*, 498 F.3d 446, 454 (7th Cir. 2007) (holding the All Writs Act does not itself confer jurisdiction; it simply authorizes a federal court to issue writs in aid of jurisdiction it already has.).

Here, Adamczyk is insistent that the State's Attorneys and IDOC have a fiduciary duty to him and the other SDPA detainees and that execution of this duty is what he is seeking.  However, the existence of a fiduciary duty and its breach are matters of state law.  Federal courts have no jurisdiction to grant mandamus relief against state officials for violating their duties under state law.  *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 469 (7th Cir. 1988).   There is no basis for federal jurisdiction here, and no manifest error of law or fact to merit reconsideration.

## Disposition

Petitioner Adamczyk's Motions for Reconsideration (Docs. 18 and 20) are **DENIED**.  The Motion for Status (Doc. 21) is **GRANTED** insofar as the status of this case is reflected herein.  Adamcyzk's Motion to Enter Judgment (Doc. 22) is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 2, 2021

_____
DAVID W. DUGAN
United States District Judge